IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY JOE DUFFIE,       Petitioner, | § § § | |
| v. | § § | 3:14-CV-1176-M-BK (3:10-CR-265-M-2) |
| UNITED STATES OF AMERICA,       Respondent. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the Magistrate Judge.  *See* 28 U.S.C. 636(b) and Special Order 3.  For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to Possession with Intent to Distribute a Controlled Substance and was sentenced to 150 months' imprisonment and a five-year term of supervised release.  *United States v. Duffie*, 3:10-CR-00265-M-2 (N.D. Tex. Jun. 8, 2011), *appeal dismissed under Anders v. California*, No. 11-10544 (5th Cir. Feb. 22, 2013).  In the sole ground raised in this timely section 2255 motion, Petitioner asserts that his "guilty plea is insufficient . . . to support a criminal conviction" because the Court did not determine that there was "a factual basis for the plea"  as required by Rule 11(b)(3) of the Federal Rules of Criminal Procedure.  [Doc. 5 at 7].

1

Petitioner also maintains that "actual innocence" may serve as a gateway to hear his claim. [Doc. 5 at 7-8].[1]

## II. ANALYSIS

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

At the outset, the Court notes that the Rule 11 claim is procedurally barred because Petitioner did not raise it on direct appeal, and he has shown neither cause for not raising the issue nor his actual innocence of the crime. *See United States v. Cooper*, 548 Fed. Appx. 114, 115-117 (5th Cir. 2013) (addressing procedural bar in context of claim that there was no factual basis to support guilty plea); *United States v. Willis,* 273 F.3d 592, 596-597 (5th Cir. 2001) (district court may in its discretion, *sua sponte*, invoke procedural default to bar section 2255 claim if the defendant is given notice of the procedural default and a reasonable opportunity to argue against application of the bar); *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (magistrate judge's recommendation is sufficient to put the petitioner on notice that the court is raising procedural default *sua sponte*). Petitioner's conclusory assertion of "actual innocence" to avoid the procedural bar is unavailing. [Doc. 1 at 2]. As discussed below, he admitted his guilt at rearraignment and now offers no evidence, let alone credible evidence, of actual innocence. *See*

---

[1] Because Petitioner did not file his section 2255 motion on the appropriate form [Doc. 1], the Court required him to submit an amended section 2255 motion. [Doc. 4; Doc. 5]. In light of his *pro se* status, however, the Court liberally construes and considers his allegations in both pleadings.

McQuiggin v. Perkins, --- U.S. ---, 133 S.Ct. 1924, 1931 (2013) ("a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief).

Even if not barred, however, Petitioner's claim lacks merit. Rule 11 of the Federal Rules of Criminal Procedure requires a district court to "determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3); United States v. Armstrong, 951 F.2d 626, 629 (5th Cir. 1992) (a court cannot accept a guilty plea unless there is a sufficient factual basis). "The factual basis must appear in the record and must be sufficiently specific to allow the court to determine if the defendant's conduct was within the ambit of that defined as criminal." United States v. Carter, 117 F.3d 262, 264 (5th Cir. 1997). "Relief from a formal or technical violation of Rule 11 is not available in a § 2255 collateral attack, but instead is available only upon a showing of prejudice." Id. (noting that it would be prejudicial to the defendant to enter "a plea of guilty to a crime which, based on the facts in the record, he did not actually commit.").

In this case, the record reflects a sufficient factual basis for Petitioner's plea. At rearraignment, the Government read each of the essential elements of Possession with Intent to Distribute a Controlled Substance -- namely that the defendant intentionally possessed a controlled substance, that the substance was cocaine base or crack cocaine, that the defendant possessed the substance with intent to distribute, and that the quantity of the substance was at least five grams. [Crim. Doc. 73 at 14]. Petitioner admitted that those were the essential elements and that he had committed each one of them. [Crim. Doc. 73 at 15]. Petitioner also conceded reading the Factual Resume, which he had previously signed, and acknowledged that all facts pled therein were true. [Crim. Doc. 73 at 20].

Although Petitioner waived the reading of the Factual Resume at rearraignment [Crim. Doc. 73 at 21], it specified that on or about July 2, 2009, Petitioner "knowingly possessed with the intent to distribute five crimes or more of a mixture and substance containing a detectable amount of crack cocaine."  [Crim. Doc. 41 at 1-2].  The Factual Resume recounted that, when law enforcement officers lawfully stopped Petitioner's vehicle, he possessed in his shirt pocket "a prescription bottle containing several baggies that in total contained 6.6 grams of cocaine base," which he admitted was crack cocaine.  [Crim. Doc. 41 at 2].  The Factual Resume also provided that Petitioner "knowingly and intentionally possessed with the intent to distribute and distributed five grams or more of a mixture or substance containing a detectable amount of cocaine base."  [Crim. Doc. 41 at 2].  Thus, Petitioner's assertion that, at rearraignment, he "did not admit to any crack cocaine or possession," or acknowledge that he "distribute[d] . . . 5-grams or more" is refuted by the record.  [Doc. 1 at 2].

Petitioner's reliance on the holding in *United States v. Melton*, 930 F.2d 1096 (5th Cir. 1991) is misplaced.  In that case, the court noted that to permit appellate review, a district court must state for the record its basis for denying a reduction under the United States Sentencing Guidelines.  *Id.* at 1099.  However, there is no requirement under Rule 11 that a district court articulate the factual basis for a defendant's plea at rearraignment, as Petitioner contends.  [Doc. 1 at 2].  Rule 11 is satisfied when the factual basis for a plea appears in the record, as in this case.  *See Carter*, 117 F.3d at 264 ("[t]he factual basis must appear in the record").

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice.  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED May 22, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE